The opinion of the Court was delivered by
Glover, J.
The presumption of a gift arising from the '■possession of a slave does not arise unless the parties stand in 1 the relation of parent and child. (Willis vs. Snelling, 6 Rich. 282.) Nor can we, with cpnfidence, presume a gift in this ■ case from Dinkins’ long possession. He admits that in all 'respects he treated Edmund as his own; but he qualifies this ' admission by adding that he would have given him up when'ever required by Mrs. Lenoir.
“ From the possession of it, the public may presume a right •to personal property; and the employment of slaves by per- ' sons rightfully in possession, unless specially restricted by contract with the owner, ordinarily, depends upon their ' capacity vand fitness for service, -or upon the wants and •necessities of him who controls their labor. Edmund had been ■ about ten years in Dinkins’ possession; was under his control; used and employed by him at his pleasure, and in all respects •was treated as'his own. It is possible that when Mrs. Lenoir 'left him he was in no other way useful than as a nurse and ■playmate for Dinkins’ son; but as each advanced in life, such ■an appropriation of his services was not required, and 'Edmund’s labor cpuld bé more profitably diverted into' other 'channels. He was actually hired to the defendant as a fireman by Dinkins; was employed by him at pleasure, and treated as his own in all respects, without consulting the plaintiff, or Mr. or Mrs. Lenoir, or accounting with them for wages; and although Mrs. Lenoir was a connexion and a *421 visitor at his house, and could hardly have been ignorant of these acts of authority, she never remonstrated with-Dinkins., for a departure from any alleged agreement between them in respect to a change of service; nor did she or her trustee, for that or for any other reason, ever resume the possession of Edmund. All this seems to be inconsistent with the allegation that it was a bailment strictly personal.
But, conceding that this was a gratuitous loan for the use, of the bailee, — which was the ground taken in the argument — ( is the defendant liable ? The general principles governing bailments strictly personal are well settled, especially in their, application to questions between the bailor and bailee; but how far third persons may be affected by a secret understanding between the bailor and bailee must depend upon the. circumstances of each case.
The defendant having hired Edmund of one who was in possession, controlling his labor, and exercising all those acts of dominion which are prima facie the evidence of the right of, property, it does not follow that he was bound to inquire what-limitations had been imposed on his authority. Dinkins’ acts and declarations were not calculated to induce any inquiry by the defendant as to his title; and where a party stands by and permits another to use and employ his slave at pleasure, and in all respects to treat him as his own, he should not be, permitted afterwards to recover damages for the loss of the slave while in the employment of a third person, on hire,,expressly on the ground that between him and his bailee there was a secret understanding limiting and restricting the bailment.
Even regarding this as a case where one of two innocent persons must suffer, the defendant might protect himself under the principle applicable to such a case. Mr. Story says, that “ he ought to suffer who has misled the other into a false confidence in his agent, by clothing him with apparent authority to act and speak in the premises, and who, otherwise,” might *422 receive an injury for which he might have no adequate redress.” (Story on Agency, § 139.)
If the defendant may protect himself against the claim for damages alleged in the first count of the declaration, he may equally avail himself of the same defence to the second and third counts. Dinkins knew that Edmund was to go in the train to Wilmington, and interposed no objection, for no danger was apprehended., He was fully advised of the nature of the employment, and the danger that attended it, and the defendant was not required, under the circumstances of this case, to communicate that information to any person, except Dinkins, who alone was held out as the owner of Edmund, or was authorised to contract for his hire. Failing to recover for the wrongful employment of .the slave without the consent of the plaintiff, he cannot recover in the count for trover, to which the defence to the first count is conclusive.
It may be necessary to add, that a recovery is not sought on the ground of negligence by the defendant, or for a defect in the road or machinery, or for want of skill and care in the agents, it having been admitted in the argument that in these respects no fault is imputed.
The circuit Judge having submitted, with proper instructions, all questions to the jury which were necessary for their consideration, this Court is satisfied with the conclusion which they have attained, and the plaintiff can take nothing by his motion.
Motion dismissed.
Ward law, Withers and Whitner, JJ., concurred.
Munro, J., dissented.
O’Neall, J., absent at the argument.

Motion dismissed.